# 1: CV 00-1807 (i)

**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

10/16/00
TA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CD-1857
_____
(Inmate Number)

Matthew Dix (SCI-Dallas)
_____
(Name of Plaintiff)

1000 Follies Road
Dallas, PA. 18612-0286
_____
(Address of Plaintiff)

Matthew Dix
_____

**vs.**

Martin F. Horn, Secretary (D.O.C.)
William A. Harrison; J. Harvey
Bell; Robert S. Bitner, (D.O.C.);
Ben Varner, Superintendent;
Barrett; T. Stachelck, (SCI-Dallas),
_____
(Names of Defendants)  (Cont. on Attached
Rider Following.)

**RECEIVED SCRANTON**
SEP 2 9 2000
PER _____
DEPUTY CLERK

**FILED SCRANTON**
OCT 1 2 2000
(Case Number)
PER _____
DEPUTY CLERK

**COMPLAINT**

For Violation Constitutional
Rights indicated below: Title
28 U.S.C. § 1343(A)(3), For
Declaratory and Injunction
Relief: Title 28 U.S.C. § 2201
and 2202; Rule 65 F.R.C.P.;
Compensatory and Punitive
Damages.

**TO BE FILED UNDER:** ✔ **42 U.S.C. § 1983 - STATE OFFICIALS** And Sec. 1985(2),(3),(?)

✔ **28 U.S.C. § 1331 - FEDERAL OFFICIALS** At (Parags.) 21 & 22

## I.    Previous Lawsuits

A.    If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

Matthew Dix v. Gregory R. White, et al.
D.C. Civ. No. 95-cv-01472, filed August 25, 95.
Appeal September 13, 1996, United States Court of
Appeals for the Third Circuit under Dkt. No. 96-3561,
then Dismissed February 14, 1997.

## II.   Exhaustion of Administrative Remedies

A.    Is there a grievance procedure available at your institution?
✔ Yes ____ No

B.    Have you filed a grievance concerning the facts relating to this complaint?
✔ Yes ____ No

If your answer is no, explain why not _____

( Named Defendants of Caption Continues) :


FRANK D. GILLIS, Superintendent ; Knadis K. Dasenni;
BERNON L. LANE; Roy E. Johnson and Kaskie (SCI-
Coaltownship); Joseph Chensey, Superintendent ; Robert
Shannon and R.K. Smith, (SCI-Frackville);


Are verse individually and in their official
Capacities,

Defendants'



"As prescribed by Rule 73(b), F.R.Civ.P., parties option
consent exercise by a magistrate judge of civil
jurisdiction over case. It is hereby advise that
plaintiff elect not consent a magistrate, and that case
be resided over by district judge."

 

III. Defendants

(In item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.   Defendant ___MARTIN F. HORN___ is employed
→ Pennsylvania Department of
As ___Secretary___ at Corrections (D.O.C.), at P.O.Box
598, Camp Hill, Pa. 17001-0598.

B.   Additional defendants ___William A. Harrison___ (Head Supervisor-
Transfer Department); J.J. Harvey Bell (Bureau of Inmate
Services), of the (D.O.C.) at P.O.Box 598, Camp Hill, Pa.
17001-0598; And J. Robert S. Bitner, employed As
Chief Hearing Examiner (C.H.E.) of the (D.O.C.)
At 1451 N. Market Street, Elizabethtown, Pa. 170__

(Continue on attached rider, pp.#
2A and 2A-1)

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary).

Subject:   A Chronology of Events From Which Retaliation And
■   Conspiracy Extend Carried Over From Prison to Prison In
Violation Plaintiff's 1st, 8th, And 14th Amend. U.S.C.; The
Pennsylvania Const., Article 1 Sections 9, 11, 13 And 26; 37 Pa. Code
§§ 93.9, 93.11, 94.6 And 97(11)(b).

1.   In general plaintiff claims that the named defendants individually and jointly, acted under color of state law to deny him of constitutional protected rights guaranteed by the United States Constitution in thu[...]

2.   ■   Subsequent transfer from the (SCI) State Correctional Institut[...]
Coaltownship (SCI-CTS) to (SCID) Dallas July 13, 2000. After A
brief orientation upon arrival by staff (SCID). Plaintiff was placed
Administrative Custody (AC) status. (RHU) Restricted Housing Unit
(KB, cell # 4) where he resides this present day used as a preten[...]
for punitive and long term confinement for continuous wrongful
Actions carried over SCI transferred in reprisal infractions Ba[...]
by misconduct therefrom which SC-time wasfully expire; Also for
Refusal to forsake Z-Code status which result the current
■   ■ pursuing same exact erroneous practice conducted (SCI-CTS[...]
Constantly circulation noise his assigned cell (somehow); experien[...]
for the last past three and Ahalf -3 1/2 years until present in
Retaliation plaintiff's persistency in times past decline
double celling SCI-Frackville (SCIF) which began far back
As SCI-Pittsburg (SCIP) in "1995-1998" same celling an[...]
experiment. And reprisal continues for various because
Constitutional protected activity "Law suit filings" and now pursu[...]
Administratively in Iockdown noise; Double mail interfer[...]

( Section III.  ( Page Two ) Continues )

e). Defendant Ben Varner is employed as Superintendent At the State Correctional Institution (SCI) Dallas, At 1000 Follies Road, Dallas, PA. 18612.

F). Defendant Barrett is employed as Superintendent Assistant and Official Grievance Coordinator, At ( SCI ) Dallas, At 1000 Follies Road, Dallas, PA. 18612.

g). Defendant T. Stachelek is employed as Deputy Superintendent of Facility Management / Security, At the SCI- Dallas, At 1000 Follies Road, Dallas, Pa. 18612.

h). Defendant Frank D. Gaillis is employed as Superintendent At the State Correctional Institution Coaltownship ( SCI - CTS ), At 1 Kelly Drive, Coaltownship, Pa. 17866-1021.

i). Defendant Kandis K. Dascani is employed as Superintendent Assistant / Grievance Coordinator, SCI- Coaltownship, At 1 Kelly Drive, Coaltownship, Pa. 17866-1021.

j). Defendant Bernon L. Lane is employed as Deputy Superintendent Centralized Service, SCI- Coaltownship, At 1 Kelly Drive, Coaltownship, Pa. 17866-1021.

k). Defendant Roy E. Johnson is employed as Deputy Superintendent Facility Management / Security, SCI - Coaltownship, At 1 Kelly Drive, Coaltownship, Pa. 17866-1021.

l). Defendant Knackie is employed as Unit Manager ( When violation committed, E-Block ) At the SCI - Coaltownship, 1 Kelly Drive, Coaltownship, Pa. 17866-1021.

- 2A -

M). Defendant Joseph Chesney is employed --- (that is upon belief) still as Superintendent at the State Correctional Institution Frackville (SCIF), at 1111 Altamont Boulevard Frackville, Pa. 17931.

N). Defendant Robert Shannon was employed as Deputy Superintendent of Facility Manage and Security at SCI-Frackville. But since such time knowledge have been gain that the defendant are now employed as Superintendent at SCI-Mahanoy, 301 Morea Road, Frackville, Pa. 17931.

O). Defendant B.K. Smith is employed as Deputy Superintendent of Centeralize Service SCI-Frackville at 1111 Altamont Boulevard, Frackville, Pa. 17931.


Each defendant is sued individually and in his or her's official capacity. At all times mentioned in this complaint each defendant acted under the color of Pennsylvania law.

( Section IV. of PAGE Two ('z) Continues)

17. Two (2) out of the 3½ YEARS violation occurred (SCI - CTS)
18. where noise levelled Plaintiff twenty - four 24 hours a day,
19. seven 7 days a week adopted and carried - over upon arrival
20. Prison's (RHU) from (SCIF) in August, 1998. Then continued
21. Release Prison general population and any sequent period
22. confinement (RHU) through-out and until present (SCI I).

3).        Surface and circulation noise first encountered and
experience about the Last five (5) to six (6) months prior
transfer (SCIF = RHU) to Coaltownship's. At which time
Robert Shannon resided Deputy Superintendent Prison Frackville
and Scheuren believed Unit Manager (RHU-Annex) when
existed where complaints first commence establishing
record during stay Prison one solid year August 6, 97, until
August 25, 98, under going disciplinary custody (DC) time
(Frack's RHU - Annex and Bottom RHU).

Occurrence SCI - Coaltownship Similar (SCIF):

4).        Whatever, sort device responsible --- "It 18 U.S.C. § 2510
or 18 Pa.C.S.A. § 5701 or the (D.O.C.) or any individual
institutions themselves the circulation noise electronically,
computer, possibly "that is "is" satellite or dish. Plaintiff
has no ideal or way knowing, but seem device are with ability
to relay information other inmates cell, the P.A. system, as
well enables staffs and inmate hearing, circulate other areas
Prison including but not limited, tracking and following
Plaintiff's person to and fro through-out prison, religious service
Library, etc., though some confirm hearing noise, but not many.

        It appears that majority interacts noise conversing in soft
toned voice or mumbos. Later affirm by clear and appropriate
expression the individual's own remarks.

5).        In Furtherance noise, often wrongs are gradually advanced
by aid Correctional Officer (C.O.) staffs for most part when
travel housing unit or upon escort nurses sick-call who
assist same way or another spreading and or whisper rumors
other inmates or inmates seek information verbal and written
(C.O.) staffs who's on what prisoner "team grind-up" or hit

simply with knowledge violation and by whom(s) Responsible.
Then knowledge usually gain Plaintiff by other inmates blaber
Attending outdoor exercise YARD (RHU) or conversing Among
themselves confined cell...... All purposes Retaliation extended
to endanger, threat, humiliate, intimidate and use other
inmates As occurred (SCIF, SCI-CTS) And now (SCIZ) to
sow discord and scorn, belittle, discredit to portray his
person snitch for sole cause to break his hand decline and
confinance double cell. And if not cause of actual injury such
As nervous break-down, or even death or as occurred - - - -
traumatic stress and anxiety which has induce what Plaintiff
(beyond belief) "Knows" to be "stroke that impaired his speech"
and severly affected (NEARLY PARALYZE) the entire Right side
his body lasting this 3 1/2 to 4 YEARS Now.

6).    But due to vigorous exercise Plaintiff have maintained
in his state of condition seemingly Able to stablize deformity
in hopes decrease from going bad to worse, Again that is
upon belief.

7.    Further the circulation noise Plaintiff complain Are
1. connected and Responsible somehow "cause dreams" being
2. unnaturally produced his person, but experimental As it some-
3. how, by some means prints of images Are Able to be planted
4. the human mind. Nor naps or sleep Are ▬▬ ▬▬
5. brought on upon basis naturalness of the human body As
6. tiresomeness or exhaustion, but instead some sort extreme
7. heat able to increase the human body and cell temperature
8. thereby causing one to become drowsey and sleepy - with
9. dreams suddently appearing.
10. Plaintiff Are of sound mind, average intelligence, under-
11. stands, comprehend and has no past history psychological
12. or mental illness, besides that which are believed have been
13. orchestrated and continuous, ongoing being created and
14. employed his prison life occurring within the last past
15. three to four years Now started as far back SCI-Pittsburg
16. or SCI-Waymart upon stay there (RHU) until present

17 SCI confined for Retaliatory and conspicuous purposes besides
18 the "decline double cell" which constantly Resulted misconduct
19 Reports. ~~[redacted]~~ But also as tool Prison officials to exercise
20 at will and unjustly Retrisal for wide Psychiatric/Psychologist
21 department for Lock-down a (dry or hard cell) days, weeks or
22 possibly months at a time Prohibit any personal belongings,
23 clothing, etc., of which Plaintiff was threaten therewith daily
24 at slightest sign verbal or written contest. . . . Nevertheless,
25 Retaliation continue until and throught time single cell was
26 approved (SCI-CTS), though not yet established Z-Code.

8). Plaintiff are further knowledgeable and knows for fact that
dreams are not those his own produced naturally of his own body,
but some sort technology. Other occurrences connected noise
are high-pitch sound, (though do not know how to explain) but
comparative, though not - - - -." a television sound when turn-on"
and appears be controllable in pitch, able be higher or lower, come
and go when necessary or convenience in situations as staffs or
associates Plaintiff's attempt entry cell assigned or others
tour housing block noise seen or better yet fades.

Further, ~~this~~ may seen a little far-fetch. But Plaintiff
would go as far to even suggest as result his ability to hear
noise and seemingly non-others, are implant possible.

9). Apparently, noise seem able only be heard Plaintiff in cell at
1 all times so long conscious and retains ~~around the clock~~ censership
2 his person often bringing upon drowseness mainly whenever
3 engaged any soft writing simply as a letter and especially Legally.
4 Other symptoms appears be connected steady circulation noise
5 beyond high pitch sound, drowseness bringing upon naps/sleep, then
6 suddenly the experimental dreams which episode was not natural.
7 for this Court's example: " where dreams produced a single family
8 member or two at a time with Plaintiff therein ~~[redacted]~~ using his person
9 to make identification each until all had been identified, produced
10 dream by dreams.
11 Notwithstanding, device appears be with ability to "plant

(2B-2)

12. thoughts the human mind, draw information therefrom hidden or
13. unhidden, Repeat of thoughts whether silent or express aloud,
14. constantly dispersing Plaintiff's criminal and family history
15. but whether others (inmates) can hear as Plaintiff ---- are up in
16. air, questionable. Though know for fact their knowledge are or if
17. gained are gained by staffs prison leak of information; level's
18. allegations in accure, threats of new criminal charges should
19. Plaintiff not put a end his legal activity, and seldom
20. Accusations wrongs alleged others.
21.    Noise appears only be geared, directed leveling Plaintiff.

10.    Cause if not sole "fact" to break Plaintiff Z-Code cell status.
than two fold: (1) Experimental and (2) as well Reprisal using as
tool spread past criminal history and believe proadnction RAP-sheet
others as result (c.o.) staffs including those of chain command and
above conspicuous conduct and or dislike his demanor, knowledge law
and evidently grant and issuance by staff vote sci-cts Adopting
psychiatric recommendation was not in good faith; nor could have been
after grant where numerous experience trouble "no more than
Reprisal encountered staffs population prison as well (RHU), and
upon any sequent event return confronted with quarrels, quizzing
and threats issuance misconducts aversing discrepancy rests cell
status which substantiate Accord (PRC) monthly Periodic Review
Rationales (PRR) from Assign No. # 671939 until Release (RHU).
After extensive period detention ending at Assignment No. # 793558,
discharging general population sequent the Arrival SCI-CTS
until incident incurring the March 27, 2000, misconduct.

11.    (PRR) from, through and until Accord Assign numbers above
distinctly establish cell status "single" though Recommanded
Z-Code, as oppose proof the final (PRR) issued Plaintiff just
before transfer July 13th which specifically specified 4Z,
meaning (classification level # 4, and cell status - Z Code "single"
at (PRR) Assign No. # 908550, of June 20, 2000.

       Moreover, as result discrepancy one incident actually Resulted

misconduct infraction charging Plaintiff with violation institutional Rules and Regulations "Refusal to obey an order" for declining to double cell allegedly where he were supposed to have been Z-Coded already accord record for knowledge (RHU) officials.

12).     Retaliation further extend stay SCI-CTS by interference, tampering, obstruction to communicate prohibiting expedition and transmission institutional mail, and believe some out going justice obstructed. But response entered Special Assistant to the Secretary of Corrections Thomas L. James of February 29, 2000, does not establish one way or the other receipt a letter send office Plaintiff in furtherance wrongful practice complained prison's Security department harassment, bribery and discriminatory pattern behaviour constantly mandating urinalysis testes his person responsible Captain Security McAnnaney and knowledge served Major D. A. Varano that practice was inconsistent (D.O.C.) Policy and Law capitalizing wrongs (SCIE) for single decline occurred past due to reprisal lawsuit. And SCI-CTS purpose to maliciously further scheme by need to break and rescind Plaintiff visitational privilege to do away with all outside contact for exercise without hinderance or risk exposure reprisal whenever return hole or necessary permanent Lock-down (RHU).

## Occurrence SCI - Dallas:

13).     Retaliation Now same exact scheme, malicious, sadistic practice experime 1. Plaintiff underwent SCI-CTS are currently occurring him SCI- 2. Dallas constantly circulation dispersing noise his (cell # 41, 3. RHU, KB-block) deliberately conducted and assisted (C.O.) staffs 4. chain command in cohort which confers Deputy and Superintendent 5. Levels. Wrongs further secretly (C.O.) staff by rumors other 6. inmates alleging things such as "someone has a sex comater 7. on them, there's a Raper on block ---- to insinuate "Raper" 8. or state actual cell Referred. Things of this nature spitefully 9. and wilfully Leveled and spread Plaintiff's person further in

10. Purpose to attempt by force, discourage to ultimately break his
11. break his hand to forsake the Z-code status, and retaliated in
12. respect his present and ongoing detention Administrative custody
13. (AC) in segregation (RHU) are being used as a pretext for
14. long term confinement (PRC) SCID for punitive purposes of the
15. July 13th transfer as additional repercussion the disciplinary
16. infractions incurred elsewhere, in violation 37 Pa.C.S.A. §9711(b).

17. Transfer thus far has been alleged separation purposes
18. Plaintiff from staff in light cause incident SCI-CTS ending
19. misconduct #908550, and monthly attendance periodic reviews (PRC)
20. absence knowledge or participation served any investigation
21. allegedly conducted security or production documentary evidence
22. reason warn if by vote or recommendation. Nor notice served
23. conclusive findings as avoided in the May 4, 2000, response issued
24. by J. Harvey Bell, Bureau of inmate Service (D.O.C.) seeking
25. intervention by William A. Harrison, believed head supervisor transfer
26. Department (D.O.C.). 37 Pa.C.S. (Code) sec. 93.9.

14). Plaintiff was transferred SCID pending (AC) confinement
SCI-CTS for nearly three 3 weeks awaiting availability bed
space prison's population subsequent expiration the (DC)
disciplinary custody time imposed misconduct sanctioning ninety
90 days.


## Redress Sought:

15). Since confinement SCID redress sought continuous and
ongoing the chronology of events from which retaliation and
conspiracy extends carried-over institution to institution
conducted; practice and disperse Plaintiff's person. 37 Pa. Code sec. 93.9. Notice was
served Superintendent Ben Varner, dated July 15, 00; promptly
after arrival. Then copy served personally Deputy Superintendent
Stachelek upon rendezvous (PRC) July 20, 00; but no respond ever
render correspondence — — — though acknowledge on final appeal
# A273021 in a DC-ADM 802 (AC) process dated August 1, 00;

which stipulated continue confinement in Restond Redress (PRC)
hearing's decision.

16.     Redress Further extend grievance coordinator MR. Barnett
time and time again but denied access exercise procedure DC-ADM
804 of the (D.O.C.) policy, by duplicitous, bogus and crafty tactics
use for purpose to prevent entertainment by deliberately and
maliciously orchestrating the existence (created) " no remedy
available administrative for Redress." Subsequently notification
filed (C.H.E.) Chief Hearing Examiner, Rober S. Bitner, August
18, 001, seeking Redress. But no response Rendered as of present.
37 Pa.C.S. (Code) sec. 93.9.

17.     Upon arrival SCI-CTS Redress was sought Deputy
Superintendents Lane and Johnson, (RHU) Lieutenants Faust
and later Martino, Record Supervisor Jennifer Hendricks some
by way written inquiries, and others Personal through and until
September 1-8, 1998, and consultance prior transfer. Subsequent
grievances followed Kandi K. Dascani, Grievance Coordinator
dated September 10,98, among other correspondence in Redress tactics
delays and prohibitation access and exercise process, and in response
Acting Superintendent Assistant Inne Hinman issued a decision
September 18 & 29, 1998..... Then plaintiff Refiled grievance October
7,98 and November 1,98, among other responses between with address
Superintendent F.D. Grills, MR. Santarelli, SCI-CTS, Secretary
Horn's office of the (D.O.C.) where response was entered in behalf
(D.O.C.) by Vincent Mooney, Inspection Lieutenant of January
19, 99. Finally grievance filed K.K. Dascani again December 6,
98, where full exhaustion was had (C.H.E.) level January 20,99,
conferring entertainment previous --- (Relevant Redress the constant
and ongoing circulation noise") 37 Pa.C.S. (Code) sec. 94.6.

18.     Roles Played and Further Acted the (D.O.C.) and Staffs, SCI-CTS
1. were thus: Brought the attention Executive Deputy Commissioner,
2. R. Clymer of the (D.O.C) by copy a letter of April 17, 2000, addressed
3. MR. Harrison, Dept. of Transfer (D.O.C.) the Retaliatory, conspicuous
4. deceitful, and negligent practice and conduct staffs SCI-CTS presenting
   denial of due process by a disciplinary hearing officer, Warden and (C.H.E.

5. Exhibits in proof various documents misconduct proceeding fully
6. exhausted, numerous grievance filed and exhausted long before
7. incident came to pass, including but not limited to, petition file
8. deputy B. Lowe, who's in charge library department, and R.E. Johnson
9. head person in charge management and security prison, for erroneous and
10. deceitful acts acting in cohort (C.O.) staffs condoning it not
11. order tampering, interference and destruction of justice to communicate
12. by mail institutionally and domestic outgoing legal and non-legal
13. have failed and acted deliberate and indifferently to plaintiff's
14. Federal and State Constitutional rights by denial or lack show concern
15. their job duties and responsibility. 37 Pa. Code sec. 94.6. Johnson act conspiracy in
16. condone unit manager Mr. Kastic and (C.O.'s) wrongful practice
17. assigned housing unit plaintiff and was responsible dealings inmates
18. as: (1) removing mail unit's boxes for transmission designated areas
19. prison, and (C.O.) confiscation outgoing, (2) habitual practice
20. partiality when problems arises plaintiff and officers sizing
21. staffs unit manager and (C.O.) (C.O.) staff ones word on hearing
22. examiner (H.E.) Bream who and who not to find guilty misconduct charge
23. upon appeal (PRC) usually resided over K.K. Dascani or just take size
24. those chain command all because they're staffs and plaintiff inmate
25. ---- In contest written response served plaintiff deputy superintend-
26. ent Johnson informing this recommendation transfer to the contrary Mr.
27. Bell's assertion "security". Deputy Lowe alleges "uncertainity" and
28. counselor Mr. Williams "confirms transfer" upon personal consultance
29. rendezvous visits cell (RVN). All whom acted in cohesion scheme
30. retaliatory transferring and punitive so long plaintiff maintain
31. their approved Z-Code single cell status.
32. Accord assignment number of (PRR) #908550, April 25, 00 and
33. May 23, 00, documents establish custody level 5-T, believe means
34. level #5 transfer, and the June 20, 00, rationale establish #42
35. (PRC) release general population upon availability bed space.

19). Including assistance superintendent Mrs. Kandi K. Dascani for
her actions played scheme denying access and exercise the (804)
procedure same grievance petitions and denial a twist and impartial
when access are gained 37 Pa. Cis. (Code) sec. 93.9, in cohort the chronology of events from

which Retaliation extend the Z-Code. Further Referring Grievances substitute for entertainment, entry and issuance Response subordinate who deny fair and impartial Review Accepting without question staff's version totally ousting the inmate who request personal interview consistent choice for further input.    Subsequent entry and issuance Response substitute grievance coordinator's finding of facts are fully adopted and finalize official coordinator Mrs. Dascani.

23).   Erraneous practice are further by Superintendent F. D. Grills role played upholding wrongs and decisions subordinate employees below Responsible affiliation process entry and issuance Response. And or does not fulfill his Role when Review appeals are filed his person, but leaves matter up to his assistant superintendent, grievance coordinator Responsible initial level to act in his capacity to further denial Access a fair and impartial hearing in chief Retaliation by failure to act.

21).   Through-out ordeal SCI-CTS, Contact has been vigorously sought the United States Department of Justice, F.B.I., Philadelphia Pennsylvania, standard mail September, 99. Then Redress gave way specifically the F.B.I., service by certified mail in a letter dated July 10, 2000, seeking investigation the steady, constant and ongoing circulation noise Plaintiff assigned cells incarcerated. Following contact sought the United States Attorney General Office Mrs. I. Reno, by way letter dated February 14, 2000, service certified mail, and copy served Mr. Fisher, of the Attorney General Office of Pennsylvania. but as of present day no respond ever enter or Received Plaintiff at prison.
Furthermore correspondence was sought as well organizations.

22).   And prior SCI-Frackville upon first encounter "noise" bottom hole (RHU), following Redress the Retaliation occurred prison's Annex as far back February 17, 98, seeking Redress grievances among other responses. Then Refiled March 1, 98, issue assigned number # FRA-0100-98, and full exhaustion has (C.O.H.E.) April 16,

with PRIOR input issue in a decision April 13, 98, by J. H. Bell (D.O.C)
among other grievance petitions filed, another June 6, 98, and
exhausted (C.H.E.) during stay SCIF. A letter of August 7, 98,
service by certified mail seeking Redress Coordinator's Mr. James
Forr deliberate, bogus excuses denial Access Process (DC-ADM
804) but no Response ever Rendered . . . . . . Then contact sought
as well the United States Department of Justice Washington,
DC. As early back 1997 or 1998, concerning the steady circulation
Noise Prison's bottom hole (RHU). Simultaneously copy served
Secretary (D.O.C.) Martain F. Horn August 24, 98, and
Senator Greenleaf's office wherefore response issued Vincent
F. Mooney (D.O.C.) September 10, 98, in advise letter was referred
department for respond.

22a). ————During Plaintiff's confinement bottom hole (RHU, A-cell
#11) A grievance was filed dated June 6, 98, to Grievance
Coordinator (SCIF) Mr. Forr complaining leak of personal
information his prison files other inmates incontination the
constant circulation Noise his assigned cell, housing unit
and ——█████——> same noise outdoors leaking information and
leveled accusations his person only to be denied Access and
Exercise Process (DC-ADM 804) followed by fabrication
alleging he refiled among numerous other bogus excuse
sequentially entered for response.

22b). ————Subsequently over-all grievance matter was brought
the Attention Deputy Superintendents Shannon and Smith
upon Attendance the monthly (PRC) hearing of July 5, 98,
only to be continued as result Plaintiff's position decline
double celling.

22c). ————Then on August 2, 98, Redress was sought Superintendent
Joseph Chesney, and intercepted by Mr. J. Forr who entered
and returned Respond Plaintiff August 3, 98, followed by
others in Response the continuous and ongoing correspondence
for break-through as result denied Access and Process.

(2B-9)

(PAGE # 28-9th):

22d). On August 7, 98, Redress was sought (C.H.E.) by letter service certified mail, but no response ever returned the plaintiff as of present day.

22e). Further Redress was sought superintendent Chesney by way inmate Request (DC-135A) form dated August 13, 98, and copy served Deputy Shannon in reference the ongoing constant circulation of noise, including a host of other wrongful and unethical activity rough by a pattern of practice, conduct and habitual behaviour from which reprisal and conspiracy extend.

22f). On August 16, 98, written correspondence was sought record supervisor of prison (SCIF) Joann Zatko, servicing copy a Mr. Senfross seeking Redress same format circulation noise but harsher experience plaintiff then, though still occur this very day. And Response rendered by supervisor August 18, 98, which held thus:

" MEANS, PRISONERS RECORDS ARE
Kept/stored by prison use --- (computer
And Actual Files)."

22g). Subsequently, in a letter of August 24, 98, communication was forward Secretary Horn in furtherance complaining circulation the noise, it's echo somehow across the sky outdoors coupled same exact occurrence of other inmates participation assisting (C.O.'s) housing unit for "grind-up" plaintiff instant (SCIE) though most deny association whenever inquire versus their field day.

22h). Pattern wrongful practices continued until plaintiff's transfer from (SCIF's . RHU) to and until transfer (SCI-CTS), and presently since carried-over (SCID).

## Claims

## First Cause of Action

23).      Defendant Martin F. Horn, Secretary (D.O.C.) is directly
1. Responsible for the Policies that govern each SCI under under
2. his Jurisdiction, including Dallas and Coaltownship Prison. He
3. is legally and ultimately responsible for the actions, inaction,
4. decisions, response, conduct and deeds of Agents and constituents
5. under his supervision of the (D.O.C.): Supervise subordinate employees
6. and staffs of each (SCI). And has show a wanton wilful deliberate
7. indifference to the Plaintiff's U.S. Const. Amend. Right: 1, 8, and 14.
8. Right to Petition, Prohibitation against cruel and unusual
9. Punishment, due Process and equal clause.

10.      Example a instant where communication was sought secretary
11. Horn for Redress (C.H.E.) erroneous habitual Practice denying
12. Fair and impartial Review Pursuant Grievance # COA-0495-99,
13. but never Responded the November 1299, inquiry. Plaintiff was
14. compel to seek Address others in hopes bringing about Response by
15. initiating correspondence serving copy Executive Deputy Commissioner
16. R. Clymer (D.O.C), Addressed ~~Thomas A. James~~ stated paragraph;/
17. (Parag) ~~this~~ , and Horn's Special ~~Assistant to s~~
18. "Render Response ----" though when does only condone wrongs" at
19. (Parag.) 12 . Subsequently Response was entered ~~February~~ 29,
20. 2000, which in essence avoided Redress ~~Plaintiff's~~ November 12th
21. letter whether Received or no, including but not Limited Violations at
22. 1 - 34, (specific) 3,4,7, (6.15 -18) 17 and 22, 22g. §h.

## Second Cause of Action

24).      Defendant William A. Harrison is legally Responsible
Actions, inactions and decisions his subordinate I. Harvey Bell
or by failure to act where knowledge was served him in context
the Retaliatory transfer stated (Parag)2,3,13, 6.25,14, and 18,1.3,28; will
and deliberate indifference has wantonly caused Plaintiff to
suffer tremendously as Result wrongs conspicuously adopted and
carried over from SCI-cts to SCID, condured, Practice and diverse in
Person.

### Third Cause of Action

25).     Defendant J. Harvey Bell is legally responsible and has shown a wanton wilful deliberate indifferent for the Plaintiff U.S. Const. Amend. Rights 8 and 14. Prohibition against cruel and unusual punishment, due process and equal protection clause by his action authorizing a deceitful and retalitory transfer fully knowledgeable responding notification served W. A. Harrison, and conspired with defendants of SCI-CRS and approved, at (Paras.) 2, 3, 4, 5, 13L 24, 16 18 and 22, 22b.

### Fourth Cause of Action

26).     Defendant Robert S. Bitner, (C.H.E) of the (D.O.C) are responsible for final review grievance and misconduct appeals without bias, prejudice or partiality. He is directly responsible rectification erroneous decisions hand-down supervise subordinate employees and staff (SCI) responsible input the (DC-ADM 801 and 804) procedure pursuant (Paras.) 16,17,18, 22 & more. And he is legally responsible for unconstitutional practice that deny Plaintiff due process, equal protection clause, right to petition and prohibition against cruel and unusual punishment from which extends a chronology of events retaliation and conspiracy for exercise constitutional protected activity, and pursuing matter cell status. Defendant has conducted and show a history, pattern and practice of behaviour acting in cohersion constituents/subordinates below denying Plaintiff continuously fair and impartial review of grievances and misconducts on final appeal adopting, condoning and habitual affirm decisions below since time Plaintiff's challenge in C.A. 95-cv-01472. Has show a wanton wilful deliberate indifference to the Plaintiff's U.S. Const. Amend. Rights 1, 8 and 14.

### Fifth Cause of Action

27.     Defendant Ben Varner, superintendent (SCID) is legally

( 3R - 11 )

Responsible for the operation, and welfare of all the inmates of the prison. He is legally and directly responsible (supervisory liability) for a chronology of events carried-over from SCI-Coaltownship to Dallas from which retaliation and conspiracy continues and are ongoing constantly circulating noise plaintiff's cell stated (parags) 1, 2, 13 thru 15, by failure and or refusal to act or render redress plaintiff's July 15, 2000, correspondence which sought redress the unconstitutional practice whether acts his owns, coheresive, or supervise subordinate employees and staff. Defendant has shown a wanton willful deliberate indifference to the plaintiff's U.S. Const. Amend. Rights at 1, 8 and 14. Right to Petition, Prohibition against cruel and unusual punishment, due process and equal protection clause.

## Six Cause Of Action

281.         Defendant Barnett, Grievance Coordinator (SCI-D) is
1. directly responsible process of prisoners grievance petitions -
2. Initial level review (which have a build-in appeal procedure).
3. Appeal from initial level to End level-Superintendent, and Final level
4. (C.H.E.). He is legally responsible for denying plaintiff
5. access and exercise the (DC-ADM 804) process for ⬛➡grievance filed
6. Sept. 4, 00 then refiled Sept. 13, 00; Aug. 24, 00, and initially July 21, 00 At point ?
7. seeking redress the constant circulation noise his assigned cell
8. for retaliatory purposes required exhaustion by the (PLRA).
9. His failure to act or act cohersion despite acknowledgement
10. petition alleging docket number assigned though did not reveal
11. or reveal inspite plaintiff's numerous inquiry. Defendant by
12. failure and refusal continues to deny, enter and issue response
13. plaintiff grievance petition of July 21, 2000, Ground 1, 2, As of
14. present day create as stated (parags) 1, 2, 13 & (b) No Remedy
15. available redress". And by a willful and deliberate indifference
16. has wantonly caused plaintiff to suffer physical,
17. psychological, emotional distress, mental anguish, humiliation
18. intimidation and threats in violation his U.S. Const. Amend.
19. Rights, 1, 8 and 14. Right to redress prohibit cruel and unusual
20. punishment, due process and equal protection clause.

<u>Seventh Cause Of Action</u>

290.   Defendant T. Stacheleck (SCID) is directly Responsible as  → 37 PA. (Code) § 94.6
1. head of security And committee Person the July 20, 2000, (PRC)
2. Program Review Committee hearing conducted For Further Review
3. Plaintiff's Release. General Population Prison sequent A hearing
4. held intake upon Arrival transfer SCI-CTS July 13, 00, At
5. which time copy notification Address superintendent Varner was
6. Personally served deputy And committee Relevant nature continuous
7. And ongoing circulation noise his Assigned cell (RHU), Among
8. other events From which Retaliation extend Coaltownship (CTS)
9. Conspicuously Adopted, carried over. Now scheme in Practice Daily

10.   He is legally Responsible For punitively penalizing Plaintiff
11. For more than sixty days now in ndition undergoing detention (AC)
12. where he still remains this present day Recommended psychiatry
13. evaluation As Result service knowledge (PRC) the written document
14. For Attention superintendent complaining conspiracy ~~circulation~~
15. Noise As Further Punishment Adopted superintendant in A Response
16. of August 1, 2000, For sustain (PRC) decision # AZ73021, Finalizing
17. Appeal in A (DC-ADM 802) Process concurring continue confinement  → 37 PA. C. S. (Code) 9711(6) and 9311.
18. (AC) Erroneously Recorded Assign Number As # AZ04323 of 7/21 00
19. immediately objected 8/1/00, For correction And corrected As true
20. Accord underline Above 7/20/00.   (Paras.) 1, 2, 13, 14, thru 15, f18L 25 therein

21.   Nevertheless, (PRC) 7/20/00, decision Alleged For butts Recommendation
22. Psychiatric evaluation "danger to self And or others inmates/staff
23. Resting cause misconduct Report incurred SCI-CTS trigger
24. transfer warn 50 day in Addition Although "quote unquote" SCI-
25. Dallas was Allegedly suppose to be an Appropriate Facility
26. sufficient And adequate For Accommodation such behaviour
27. defendant And staff Portrays Accord those Responsible transfer
28. Facility he should Reside A Level # 4 SCI-CTS to A level # 5
29. SCI-Dallas only to undergo Further Penalty Punitively. 37 PA. C.S.A
30. § 9711(6). And by a wanton wilful deliberate indifference has
31. cause Plaintiff to suffer A loss of sleep, impairment of speech,
32. headaches, Physical Pain, emotional distress, mental Anguish, she
33. trumma, humiliation, intimidation And threat of violence in violation
34. his U.S. Const. Amend. Rights At 1, 8 and 14.

### Eighth Cause of Action

30.         Defendant Frank D Grillis superintendent SCI-CTS for
the failure to properly train correctional personnel employed
prison and supervise subordinate employees. Adopt and confirm/
affirm erroneous, unfair and partial decisions of subordinate
the constant noise circulated cell state in (PARAGS) 1-
12, 13, 14 and 2. He is legally and ultimately responsible for
prison, The welfare of all inmates of that prison, all programs
and activities of the institution, and has shown a wanton wilful
deliberate indifference to the Plaintiff's U.S. Const. Amend.
Rights at 1, 8 and 14. Right to petition, Prohibition against
cruel and unusual punishment, due process and equal protection clause.
The unconstitutional practice which has caused Plaintiff to suffer,
suffer a loss of sleep, headaches, physical pain, emotion distress,
mental anguish, shock trauma, humiliation, threats and intimidation,
stated (PARAGS) 5 and 6.

### Ninth Cause of Action

31).        Defendant Kandis K. Dascani, Grievance Coordinator SCI-CTS
1. is directly responsible process of prisoner's grievance petition—(initial
2. level review). 7 37 PA. C.S. Code 93.9.  She is legally responsible the chronology of events
3. from which retaliation and conspiracy occur stated (PARAGS) 1-12
4. 17, 18, 1.1-24, 19 and 21 For failure to act or total denial access and
5. exercise process (DC-ADM 804) or act coercion, denial process for bogus
6. reasons upon acknowledgement where petition fully, adequately and
7. sufficiently comply (D.O.C.) policy for acceptance and process seeking
8. redress over-all retaliation the Z-Code status and constitutional
9. protected activity.  Actions and inactions substitute subordinate
10. grievance coordinators referred investigation, entry and issuance
11. response.  Exercise of a arbitrary and capricious decisionmaking
12. process acting bias, prejudice denying fair and impartial review
13. in determine matters complained. Then adopts decisions as official
14. coordinator finalizing relief her level has shown wanton wilful
15. deliberate indifference for unconstitutional practices that has
16. cause Plaintiff to suffer mental and emotional distress and anguish
17. physical pain, humiliation, intimidation, loss of sleep, and headaches
18. indifferently not only by failure and denial to act, but unprohibit constant
19. sub regulation noise and orchestration (creating writing) his prison files

20. Utilizing Prison's Psychiatric / Psychologist Reports For Punitive
21. Purposes in Violation Plaintiff's U.S. Const. Amend. Rights,
22. 1, 8 and 14.

### Tenth Cause Of Action

32).      Defendant B. Lane (SCI-CTS), of Centralize service are directly responsible for actions and inactions supervise subordinate employees and staff library department by failure to act, and is legally responsible where arsenal knowledge was served pattern and practice that denied Plaintiff meaningful court access and reasonable time attendance law clinic compound by other hinderences, courte refusal encounter filing complaints ---- of which cause* failure to all fave-way misconduct infractions for capitalize and orchestration retaliatory and conspicuous transfer..... Further he's legally responsible for the unconstitutional practices that denied Plaintiff due process, equal protection, and prohibitation against cruel and unusual punishment stated in (Paras.) 1 thru 11, 13L.17 ₹ 26, 17, 18L. 1-8, 27 ₹ 21, For which knowledge was served occurrence experience (SCIF) immediately conducted upon arrival Con'lawnship. And defendant referred Prison's security for disposition. (Supervisory liability).

### Eleventh Cause Of Action

33.      Defendant Roy E. Johnson (SCI-CTS), facility manager is
1. directly responsible management, security and operation of housing
2. units of the institution. He's in charge of all correctional officers
3. (C.O.), unit managers, and are head committee person (PRC)
4. Program Review Committee responsible inmates confinement of continue
5. confinement (AC) administrative custody, RHU/SMU Restricted
6. Housing Unit, Special Management Unit, etc. and hearing initial
7. appeal misconducts ....... He is legally responsibility For the
8. unconstitutional practices "a chronology of events from which
9. retaliation and conspiracy was implement Plaintiff reference (Paras.
10. 1 thru 12, 13L.17-26, 14, 17, 18 and 21,    Upon arrival Prison
11. carried-over from (SCIF) For decline/refusal double celling

(22R-15)

12 which continue Long after, through and grant single, and in
13 Reprisal his steadfastness maintain thereof, exercise constitutional
14 Protective Activity confined (RHU) and population by camouflaging
15 the misconduct incident for capitalize and or Act cohesion
16 show cause transfer that deny prisoners due process, equal protection
17 Right to petition and prohibitation against cruel and unusual
18 punishment. Defendant by a wilful and deliberate indifference
19 has wantonly caused plaintiff to suffer a loss of sleep emotion
20 distress, mental anguish, physical pain, threats of bodily harm,
21 shock trauma, impairment of speech, humiliation, intimidation, mockery
22 and beyond.

## Twelfth Cause of Action

34).        Defendant Knskie, unit manager (SCI-CTS) is directly
Responsible for decisions in regard control, the operation of inmate
housing unit and open communication and meaningful interaction
between staff and inmates. He is legally Responsible for the
unconstitutional Practices that deny plaintiff Right to petition,
due process, equal protection and prohibitation against cruel
and unusual punishment Rough by continue and ongoing circulation
Noise plaintiff's assigned cell his housing unit in general
population prison in cohesion Rehiliation and conspiracy superiors
by failure to stop violation beinging Knowledgeable or Reprisal
As result plaintiff's steadfastness (Refusal to give-up his
single cell status Allegedly Z-Coded from time grant)...... He
is further legally Responsible for Reprisal experience and disperse
(C.O.) staffs assigned to work housing unit, namely Regulars
under his management set-forth in (paragraphs) 1, 4, 10, 11, 12.
15, 19, 13, 10, 11 ¶ 17-26, 14, 18], ¶ [18-21 and 30-31]... was shown a wanton wilful
deliberate indifference to the plaintiff United States Const.
Rights at U.S.C.A. 1, 8 and 14.

35).        Plaintiff also alleges defendants' violations of
State Law; (pendent claim) named above and following.

(→ R-16)

## Thirteenth Cause of Action

36). Defendant Joseph Chesney superintendent (SCIF) is legally Responsible for the operation, and welfare of all the inmates, including but not limited, failure to properly train correctional (C.O.) personnel and supervise subordinate employees and staff of the prison, has shown a wanton wilful deliberate indifference to the Plaintiff's United States Const., Rights at U.S.C.A. 1, 8 and 14, for unconstitutional practices a chronology of events from which Retaliation and conspiracy occurred stated in (PARAG.) 1, 2, through 7L.10-20, 9L.14, 12L.1-4 and 22 through to 22F in that deny Prisoners, Right to Petition, due process, equal protection and prohibition against cruel and unusual punishment.

## Fourteenth Cause of Action

37). Defendant James Forr, Grievance Coordinator (SCIF) is directly Responsible Process and Response of Prisoner's Grievance at (Initial Level Review), 37 Pa. C.S. (Code) § 93.9. And is legally Responsible for the pattern of unconstitutional practices of chronology events from which Retaliation and conspiracy extend Resulted Plaintiff's persistent decline double celling while pursuing single cell status by exercise constitutional protected activity.

Defendant by a wilful and deliberate indifferent has wantonly cause Plaintiff to suffer a loss of sleep, headaches, physical pain, impairment of speech, emotion distress, mental anguish, shock trauma, humiliation, intimidation and mockery in violation his United States Const., Rights at U.S.C.A. 1, 8 and 14. Right to Petition Prohibitation against cruel and unusual punishment, due process and equal protection of the law As set forth similar occurrence (SCI-CFS) in (PARAGS) 1 through 7 at L.10-20, 9L.14, 16-20, 10L.1-5, 18L.9-12, 22, 22b., 22g., and 22h.; Also similar (SCI-I) at 13L.1-8.

## Fifteenth Cause of Action

38. Defendant Robert Shannon (SCIF), of facility manager was directly responsible management, security and operation of housing units of the prison. He was in charge of all correctional officers (C.O.) staff, unit managers and head/superior person (PRC) Program Review committee. He is legally responsible for the unconstitutional practices from which a chronology of events extend in retaliation and conspiracy to break plaintiff's hand/long term position declining double cell, and bring compliance by force either using those responsible exercise if not ordered purpose his refusal and denial grant of status has by a wanton willful deliberate indifference to the plaintiff's United State Const., Rights at U.S.C.A. 1, 8, and 14, and cause him to suffer as stated in (PARAGS.) similar (SCI-CTS) 1 through 7L.10-20, 9L.14, 16-20, 13L.1-5, 18L.9-12, 22, 22b., 22g., and 22h; further in like manner (SCIE) at 13L.1-8, "though (SCIF) violations occurred first."

## Sixteenth Cause of Action

39. Defendant E.K. Smith (SCIF), centralize service is legally responsible for his engagement by order or failure to prohibit pattern of unconstitutional practices of a chronology of events from which retaliation and conspiracy occurred when resided as head/superior committee person (PRC) conducting hearings and have conclusive determination of plaintiff cell status had by a willful and deliberate indifference wantonly caused him to suffer as outlined similar (SCI-CTS) wrongs in (PARAGS.) 1 through 7L.10-20 and 22b that deny prisoners right to petition, prohibition against cruel and unusual punishment, due process and equal protection of the law...... Conferring No. 35 hereinafter.

e). 15,000 AGAINST defendant BARNETT;

f). 10,000 AGAINST defendant T. STACHELECK;

g). 25,000 AGAINST defendant FRANK D. Gillis;

h). 15,000 AGAINST defendant KANDI K. DASCANI;

i). 20,000 AGAINST defendant ROY E. JOHNSON;

j). 15,000 AGAINST defendant B. LANE;

k). 10,000 AGAINST defendant KASKIE,

From each of them.

5. GRANT Punitive damage of $15,000 to 20,000 AGAINST each of the defendants to Plaintiff.

6. Plaintiff's costs of this suit.

7. GRANT such other and further relief as this court deems just, proper and equitable.


Addition to No. #4:

L). 20,000 AGAINST defendant I. Chensey

M). 25,000 AGAINST defendant - FORMER deputy superintendent, R. Shannon

N). 18,000 AGAINST defendant B.K. Smith

V.    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no
cases or statutes.)

WHEREFORE, Plaintiff Requests this Honorable Court
Grant the following Relief:

1.    Suit be held Abeyance and order issue directing
defendants Responsible Grievance Procedure (DC-ADM804)
SCI-Dallas and (C.H.E.) of the (D.O.C.) Robert S. Bitner
to permit Plaintiff full and adequate Access the Process
without interference, hinderance or delay, to, through
And until full exhaustion had.

2.    A Protective order of Plaintiff Criminal Record
Retain custody and control Prison officials (SCI's) to
Prevent "As experience" Leaks Past Criminal History
in future times, And family.

3.    A Jury trial on all issues triable by Jury.

4.    Grant compensatory damage from each of them to
Plaintiff in the following amount:

   A). 50,000 Against defendant Martain F. Ho

   b). 30,000 Against defendant J. Harvey Bell;

   c). 40,000 Against defendant Robert S. Bitner

   d). 15,000 Against defendant Ben Varner;

                (Continue Attached Rider, P. #3A)

Signed this ___19th___ day of ___September___, ___2000___.


_____
(Signature of Plaintiff)


I declare under penalty of perjury that the foregoing is true and correct.

___9 - 19 - 2000___
(Date)                          (Signature of Plaintiff)

**FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS
COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331**

## COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A
COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND
COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

**************************************************************************

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in
forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial
filing fee of 20 percent of the greater of:

    1)    the average monthly deposits to your prison account for the past six months; or

    2)    the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20%
of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF
THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE
DEFENDANTS ARE SERVED.**

**************************************************************************

    1. You shall file a complaint by completing and signing the attached complaint form
and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event
attachments are needed to complete the allegations in the complaint, no more than three
(3) pages of attachments will be allowed.) If you submit the full filing fee along with the
complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here
if you are submitting the filing fee with the complaint form. _____**

    2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C.
§ 1915 without paying the full filing fee at this time by completing the following: (1)
Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization
Form. You must properly complete, sign and submit all three standard forms or your
complaint may be returned to you by the Clerk of Court. **Check here if you are filing your
complaint under 28 U.S.C. § 1915 without full prepayment of fees. _____**

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages
against a correctional facility or an official or agent of a correctional facility, the damage
award will first be used to satisfy any outstanding restitution orders pending. Before
payment of any compensatory damages, reasonable attempts will be made to notify the
victims of the crime for which you were convicted concerning payment of such damages.
The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**