# 1: CV 00-1807

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


10/17/00
TA

Matthew Dix,
    Plaintiff

vs.

Martain F. Horn, Secretary;
William A. Harrison, J. Harvey
Bell; and Robert S. Bitner, (D.O.C.);
Ben Varner, Superintendent,
Barnett; and J. Stachelech, (SCI-
Dallas); Frank D. Gillis,
Superintendent; Kandis K. Lascani;
Vernon L. Lane; Roy E. Johnson
and Kaskie, (S.C.I.-Coaltownship);
Joseph Chensey, Superintendent;
Robert Shannon, and E.K. Smith,
(SCI-Frackville),
    Defendants'

Civil Action

No. _____

RECEIVED
SCRANTON
SEP 29 2000
PER ___
DEPUTY CLERK

FILED
SCRANTON
OCT 1 2 2000
PER ___
DEPUTY CLERK

## Motion For Appointment Of Counsel

Plaintiff Matthew Dix, pursuant to 18 U.S.C. § 3006(a) and or 42 U.S.C. § 1915(d), requests this Court to appoint counsel to represent him in this case for the following reasons:

1. Plaintiff is not able to afford counsel.

2. The issues involved in this case are complex and for thus:

    (A). Fact that challesen rest conspiracy and scheme undergoing a chronology of events of reprisal whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

    (b). The large number of defendants of whom are supervisory officials, presents complex legal issues in determining which shall sufficiently and personally be held liable involved the constitutional violations.

(1)

(c). The sheer number of claims and defendants makes this a factually complex case.

(d). Plaintiff's inability to investigate.

(e). Fact that medical testimony may be necessary.

(f). Plaintiff's request for a jury trial.

3. Plaintiff are currently confine in a segregated housing unit (RHU) restricted housing unit (AC) administrative custody and so has been since time arrival prison (SCID) Jul 13, 2000, from transfer another.

4. As stated in paragraph 13, lines 12 through 14. Plaintiff confinement as pretext for punitive purpose are required to live under conditions there of wherefore prison limits the hours that he may have access, if any, to the (R) mini law library.

5. Legal material contained therein are "far bey Limited" and inadequate, close to none for which prisoners housed have recently exercise a 3 to 5 days hunger strike in protest as well other writings continue and ongoing. Denied two prisoner's participation attendant at same time, nor an alternative system available which may enable prisoners legal assistance by other means as certified paralegal and plaintiff are denied court access due to prison official refusal/denial to provide him writing utensil upon termination pen/pencil, namely pens when ink run-out or dullness required sharpen or replace pencil; unable to obtain photo-copy, etc..

6. The end of justice would best be served in this case if an attorney was appointed to represent the plaintiff

Dated: 9/19/2000



Matthew Six # CL-1857